Opinion issued June 18, 2009

















In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00316-CR 
         01-08-00317-CR




RIDGE ROBERT LAKEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause Nos. 07CR0812 and 07CR0811



MEMORANDUM OPINION 

            Appellant, Robert Ridge Lakey, pleaded guilty in cause number 07CR0811 
to the offense of theft, and the trial court sentenced him to confinement for two years,
suspended sentence, and placed him on community supervision for a period of five
years. In trial court cause number 07CR0812, appellant pleaded guilty to the offense
of assault on a public servant, and the trial court placed him on community supervision
for a period of five years. Appellant’s terms and conditions of community supervision
included a provision that appellant commit no offense against the laws of the State of
Texas or any other State, the United States, or any governmental entity.
          Subsequently, the State filed a motion to revoke appellant’s community
supervision in each case that alleged that appellant violated the terms and conditions
of his community supervision by committing an offense against the laws of the State
of Texas. The trial court conducted a hearing on the State’s second amended motion
to revoke community supervision in trial court cause number 07CR0811, and on the
State’s first amended motion to revoke community supervision in trial court cause
number 07CR0812. In each motion it was alleged that appellant violated the terms
and conditions of his Community Supervision by: On or about the 24th day of
November, A.D. 2007, in Jefferson County, Texas, the said Defendant did then and
there intentionally, knowingly, or recklessly cause serious bodily injury, and/or bodily
injury to Leyton McElduff. In each case, the trial court found that appellant had
violated the terms and conditions of his community supervision by committing an
offense against the laws of the State of Texas: assault bodily injury. After a
punishment hearing, the trial court sentenced appellant to confinement for two years
in cause number 07CR0811, and to confinement for five years in cause number
07CR812. Appellant gave notice of appeal in each case.
          Appellant’s counsel on appeal has filed a brief stating that the record, in each
case, presents no reversible error, that the appeals are without merit and are frivolous,
and that the appeals must be dismissed or affirmed. See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967). The brief meets the requirements of Anders by presenting
a professional evaluation of the records and detailing why there are no arguable
grounds for reversal in these cases. Id. at 744, 87 S. Ct. at 1400; see also High v.
State, 573 S.W.2d 807, 810 (Tex. Crim. App.1978). 
          Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate records and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel’s brief, we agree that the appeals are frivolous and without merit
and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005). 
          We affirm the judgments of the trial court and grant counsel’s motion to
withdraw.


 Attorney Tommy J. Stickler must immediately send the notice required
by Texas Rule of Appellate Procedure 6.5 (c) and file a copy of that notice with the
Clerk of this Court.
          Any pending motions are denied as moot.
PER CURIUM
Panel consists of Justices Bland, Sharp, and Taft.



Do not publish. Tex. R. App. P. 47.2(b).